## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARRY AHURUONYE,
          Appellant,

       v.

DEPARTMENT OF THE INTERIOR,
          Agency.

DOCKET NUMBER
DC-531D-14-0587-C-1

DATE: December 3, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Barry Ahuruonye, Hyattsville, Maryland, pro se.

Josh C. Hildreth, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of the Board's order directing the agency to cancel its action denying him a within-grade increase (WIGI).  For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

REMAND this case to the Washington Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a Grants Management Specialist, filed an appeal with the Board asserting that the agency improperly denied his WIGI to GS-12, step 3, effective December 1, 2013. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-14-0587-I-1, Initial Appeal File (IAF), Tab 1. On petition for review, the Board found that the agency action denying the appellant's WIGI must be reversed because the agency failed to issue him a notice that his performance was unacceptable, provide him an opportunity to request reconsideration of that determination, or proffer substantial evidence that his work was at an unacceptable level. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-14-0587-I-1, Remand Order (Dec. 29, 2014) (Remand Order). As a result, the Board: (1) ordered the agency to retroactively grant the appellant's WIGI to step 3 and pay him the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations; and (2) remanded the appeal for the administrative judge to adjudicate the appellant's claims of discrimination and retaliation for engaging in protected activity. *Id*. at 6.

¶3 On February 22, 2015, the appellant filed a petition for enforcement of the Board's Remand Order. He asserted that the agency was in noncompliance with the Remand Order because it: (1) retaliated against him by denying him another WIGI;[2] (2) failed to explain to him how it arrived at its back pay calculations; (3) appeared to have underpaid him for the "pay period of 2/17/15;" (4) failed to establish that it made appropriate Thrift Savings Plan (TSP) contributions and

---

[2] The appellant's claim regarding the denial of his WIGI to GS-12, step 4 is the subject of a Board appeal in MSPB Docket No. DC-531D-15-0242-B-1, which is pending before the Washington Regional Office following a Board-ordered remand.

dividend payments; (5) failed to promote him to the GS-13 level, although he had completed the time-in-grade requirement necessary to receive such a promotion and his performance was at an acceptable level; and (6) failed to provide him with training that could lead to promotion. However, no compliance matter was docketed at that time.

¶4 On May 30, 2015, the appellant filed a document indicating that he was following up on his February 22, 2015 petition for enforcement. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-14-0587-C-1, Compliance File (CF), Tab 1. He reiterated his belief that he is entitled to promotion to GS-13, step 2, and again stated that the agency had not provided him with any documentation regarding its back pay calculations. *Id.* at 4-7. He also made a subsequent filing, received on June 3, 2015, wherein he stated that the agency had not provided any documentation indicating what it had paid him in back pay, and whether any such payment included TSP contributions, catch-up contributions, and payment of dividends and interest, or any documentation regarding the issue of his promotion. CF, Tab 3 at 1. The administrative judge issued an acknowledgement order on June 5, 2015, docketing a compliance matter. CF, Tab 4. The appellant's May 30, 2015 submission was docketed as his petition for enforcement, and the February 22, 2015 submission was not included in the compliance file. *See generally* CF.

¶5 The agency responded in opposition to the appellant's petition for enforcement. CF, Tab 5. The agency asserted that it has fully complied with the Board's order by: (1) processing the appellant's WIGI; (2) properly paying him back pay; and (3) notifying him of its full compliance with the Board's order. *Id.*

¶6 The appellant replied, asserting that the agency had not complied with the Board's order because it: (1) issued a back pay payment and thereafter initiated an action to collect the amount paid as an overpayment, such that he never

received any payment;[3] and (2) failed to identify a responsible official in its response to his petition for enforcement, pursuant to 5 C.F.R. § 1201.183. CF, Tabs 6-7. He also asserted that the documentation the agency submitted in its response indicated that it did not include TSP contributions in its back pay calculations. *Id.*

¶7    The administrative judge thereafter issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 9, Compliance Initial Decision (CID). She found that the agency fully complied with the Board's order because it: (1) retroactively effected the appellant's WIGI to GS-12, step 3; (2) paid him the appropriate amount of back pay with interest and adjusted his benefits; and (3) informed him in writing of all actions taken to comply with the Board's order and the date on which it believed it fully complied. CID at 2-3.

¶8    The appellant has filed a petition for review of the compliance initial decision. Petition for Review File, Tab 1. He again argues that the agency recovered back pay from him by reporting it as an overpayment and failed to make appropriate TSP contributions and catch-up contributions. *Id.* He also asserts that the administrative judge failed to fully address all of the arguments he raised in his petition for enforcement regarding the agency's noncompliance. *Id.* The agency did not respond.[4]

---

[3] This appears to be the same overpayment collection about which the appellant challenged in MSPB Docket No. DC-0752-15-0509-I-1, wherein he alleged that the agency subjected him to a suspension in excess of 14 days when it retroactively converted previously approved leave for which he had been paid to absence without leave and initiated a corresponding debt collection action. *Compare Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-0752-15-0509-I-1, Initial Appeal File, Tab 1, Exhibit 1 at 1-2, *with* CF, Tab 6 at 11-12. The Board already has found that it lacks jurisdiction over that issue because the appellant was not subjected to an appealable suspension. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-0752-15-0509-I-1, Final Order (June 29, 2015).

[4] On September 3, 2015, the appellant submitted a pleading titled "Appeallant [sic] Pleading to Submit Evidence That Emerged After the Close of Record," and the Office of the Clerk of the Board acknowledged this pleading. PFR File, Tabs 4-5. In his pleading, the appellant alleged that the agency "garnish[ed] the BOARD ordered relief

¶9      At the outset, we find that this case must be remanded for consideration of the appellant's February 22, 2015 submission, which was not included in the compliance file and of which the administrative judge and the agency may have been unaware. Accordingly, on remand, the administrative judge should address those arguments raised by the appellant in that submission that were not addressed in her initial decision.

¶10     As to the arguments already addressed by the administrative judge in her initial decision in response to the appellant's May 30, 2015 submission, we agree with her finding that the appellant was not entitled to a promotion to GS-13 pursuant to the Board's order. The purpose of the Board's remedial power is to place the employee, as nearly as possible, in the status quo ante; that is, the position he would have occupied had the wrong not been committed. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). The present appeal concerns a WIGI, not a promotion, so we cannot order a promotion as relief for the improper WIGI denial. The administrative judge found that the agency sufficiently established, at least on paper, that it granted the appellant a WIGI to GS-12, step 3, retroactive to December 1, 2013, in compliance with the Board's order. CF, Tab 5 at 6-10. However, based on the evidence submitted below, we find that the agency's evidence concerning its back pay calculations related to the appellant's retroactive WIGI is inadequate.

¶11     The agency bears the burden of proving its compliance with the Board's order. *See Guinn v. Department of Labor*, 93 M.S.P.R. 316, ¶ 9 (2003). As the alleged noncomplying party, the agency was required to submit evidence of compliance, including a narrative explanation of the calculation of back pay and other benefits, and supporting documents. 5 C.F.R. § 1201.183(a)(1)(i). However, it failed to do so. The agency submitted several pages of documents

of back pay in the amount of $1,207.26 from my last pay check in the form of vacation pay out . . . ." PFR File, Tab 4. On remand, when providing the narrative explanation as set forth below by the Board, the agency shall address this assertion by the appellant.

purporting to be a "calculation worksheet," without any narrative explanation. CF, Tab 5 at 4, 12-32. It simply made a bare assertion that it properly paid the appellant back pay, supported only with a blanket citation to the aforementioned documents. *Id.* at 4. The agency did not respond specifically to any of the appellant's arguments. Many of the documents it submitted are untitled and contain numerous undefined codes and abbreviations. As such, they are of limited usefulness in determining the exact amount of back pay the agency paid the appellant and how that amount was calculated. *See Guinn*, 93 M.S.P.R. 316, ¶ 10.

¶12        From what we can understand of the agency's documentation, we question the accuracy of its calculations. For instance, the agency appears only to have calculated back pay retroactive to pay period 26 of 2013. *See* CF, Tab 5 at 17, 19, 21-22. However, the WIGI was to be retroactive to December 1, 2013, which was the start of pay period 24. Its calculations for pay periods 1 and 2 of 2014 list the corrected rate of pay for GS-12, step 3, as $38.27 hourly. *Id.* at 22. However, the rate of pay changed to $38.65 hourly, effective the first pay period in January 2014.[5] *See* Exec. Order No. 13655, 78 Fed. Reg. 80,451 (Dec. 31, 2013). Similarly, its calculations for pay periods 1 and 2 of 2015 list the corrected hourly rate of pay as $38.65. CF, Tab 5 at 31. However, the rate of pay changed to $39.04 hourly, effective the first pay period in January 2015. *See* Exec. Order No. 13686, 79 Fed. Reg. 77,361 (Dec. 24, 2014). Thus, it would seem that the agency's corresponding calculation of TSP contributions for those pay periods also are inaccurate, given that the appellant designated a percentage of basic pay to contribute. CF, Tab 5 at 19-21; *see* 5 C.F.R. § 1605.13(b). The agency, moreover, appears to contend that the appellant was properly compensated at the GS-12, step 3 level, and thus not entitled to any back pay, for pay periods 3 through 26 of 2014 and pay periods 1 and 2 of 2015, but it appears

---

[5] The hourly rates referenced herein include the locality pay for the Washington, D.C. area.

that the agency failed to reflect the January 2014 pay increase in its calculations. CF, Tab 5 at 17, 19-20, 23-31.

¶13      Based on the foregoing, we find it necessary to remand this appeal for consideration of the arguments raised in the appellant's February 22, 2015 submission and for the agency to provide a narrative explanation of its back pay calculations.   This narrative explanation also shall address the appellant's assertion that the agency garnished $1,207.26 from his last paycheck.  *See supra* ¶ 8 n.4.

## ORDER

¶14      For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.